IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIM. NO. 00-00187 HG-01 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JORGE SALAZAR-GUILLEN, (05) ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**ORDER NOTIFYING MOVANT OF THE COURT'S INTENTION TO CONSTRUE MOVANT'S MOTION ENTITLED "MOTION TO ELIMINATE ENHANCEMENTS AND REDUCE SENTENCE," FILED ON DECEMBER 19, 2005, AS A MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255
and
GIVING MOVANT THE OPPORTUNITY TO WITHDRAW OR AMEND HIS PLEADING**

On December 19, 2005, Jorge Salazar-Guillen ("Movant"), a federal prisoner, filed a "Motion to Eliminate Enhancements and Reduce Sentence." Movant's motion is vague but references the Supreme Court ruling in United States v. Booker, 543 U.S. 220 (2005). Movant's motion appears to seek a reduced sentence based on the Booker decision by claiming that his Sixth Amendment rights were violated by imposing sentencing enhancements based on the sentencing judge's determination of facts that were not found by a jury beyond a reasonable doubt nor admitted by the Movant.

Movant is NOTIFIED that the Court intends to construe his

motion as a § 2255 motion.  Movant is GIVEN 30 days from the date this order is filed to withdraw or amend his pleading.  Movant is WARNED that construction of his pleading as a § 2255 motion will place restrictions on his ability to bring subsequent motions pursuant to 28 U.S.C. § 2255.

## PROCEDURAL HISTORY

On October 22, 2001, Movant pled guilty to one count of continuing criminal enterprise, one count of unlawful user of cocaine in possession of a firearm, one count of criminal forfeiture, and one count of money laundering involving the proceeds of the distribution of controlled substances.

On April 12, 2002, the Court sentenced Movant to 240 months imprisonment as to Count 1 of the Second Superseding Indictment and 240 months as to Count 2 of the First Superseding Information, and 120 months imprisonment as to Count 77 of the Second Superseding Indictment, all terms to run concurrently.  He was also sentenced to 5 years of supervised release as to Count 1 of the Second Superseding Indictment, 3 years as to Count 77 of the Second Superseding Indictment, and 3 years as to Count 2 of the First Superseding Information, all terms to run concurrently.

On April 23, 2002, the Court entered judgment and commitment in Movant's case.

On December 19, 2005, Movant filed a "Motion to Eliminate Enhancements and Reduce Sentence."

2

## ANALYSIS

**A.   Petitioner's Pleading Is Properly Construed As a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255**

Movant seeks to attack the constitutionality of his sentence pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).  A challenge to the legality of a sentence imposed in federal court may only be brought pursuant to 28 U.S.C. § 2255.  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  Movant's pleading of December 19, 2005 is properly construed as a motion pursuant to 28 U.S.C. § 2255.

**B.   Movant Is Notified That His Pleading Will Be Construed As a Section 2255 Motion and Is Given the Opportunity to Withdraw or Amend the Pleading**

A court may not construe a pro se litigant's motion as a first § 2255 motion until the court notifies the movant of three facts.  The Court hereby notifies Movant: (1) that the court intends to recharacterize the pleading; (2) that any subsequent § 2255 motion will be subject to the restrictions on second and successive § 2255 motions; and (3) Movant is hereby provided an opportunity to withdraw the pleading or amend it to contain all the § 2255 claims the Movant believes he has.  Castro v. United States, 540 U.S. 375, 383 (2003).  Movant has 30 days to withdraw or amend his pleading.

## CONCLUSION

In accordance with the foregoing, it is hereby ORDERED that:

3

(1) Movant is NOTIFIED that the Court intends to recharacterize his pleading as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255;

(2) Movant is NOTIFIED that the recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive § 2255 motions; and

(3) Movant is GIVEN 30 days from the date of filing of this order to withdraw his motion or to amend it so that it contains all the § 2255 claims he believes he has.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, January 10, 2006.



_____
Helen Gillmor
Chief United States District Judge

_____
United States of America v. Jorge Salazar-Guillen, Crim. No. 00-00187 HG-01; **ORDER NOTIFYING MOVANT OF THE COURT'S INTENTION TO CONSTRUE MOVANT'S "MOTION TO ELIMINATE ENHANCEMENTS AND REDUCE SENTENCE" FILED ON DECEMBER 19, 2005, AS A MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 AND GIVING MOVANT THE OPPORTUNITY TO WITHDRAW OR AMEND HIS PLEADING**