```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )   CRIM. NO. 00-00187 HG-01
                             )
          Plaintiff,         )
                             )   ORDER TO SHOW CAUSE
     vs.                     )
                             )
JORGE SALAZAR-GUILLEN,       )
                             )
          Defendant.         )
_____)
```

**ORDER TO SHOW CAUSE**

On December 19, 2005, Defendant Jorge Salazar-Guillen ("Movant"), a federal prisoner proceeding pro se, filed a motion entitled "Motion to Eliminate Enhancements and Reduce Sentence." On January 10, 2006, the Court issued an order notifying Movant of the Court's intention to construe the motion filed December 19, 2005, as a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Movant was given 30 days from the filing of the order to withdraw his motion or to amend it so that it contained all the § 2255 claims he believes he has. Movant did not withdraw or amend the motion.

**PROCEDURAL HISTORY**

On October 22, 2001, Movant pled guilty to one count of continuing criminal enterprise, one count of unlawful user of cocaine in possession of a firearm, one count of criminal forfeiture, and one count of money laundering involving the

proceeds of the distribution of controlled substances.

On April 12, 2002, the Court sentenced Movant to 240 months imprisonment as to Count 1 of the Second Superseding Indictment and 240 months as to Count 2 of the First Superseding Information, and 120 months imprisonment as to Count 77 of the Second Superseding Indictment, all terms to run concurrently.  He was also sentenced to 5 years of supervised release as to Count 1 of the Second Superseding Indictment, 3 years as to Count 77 of the Second Superseding Indictment, and 3 years as to Count 2 of the First Superseding Information, all terms to run concurrently.

On April 23, 2002, the Court entered judgment and commitment in Movant's case.

On January 23, 2003, the Ninth Circuit Court of Appeals affirmed the decision of the district court.

On December 19, 2005, Movant filed a "Motion to Eliminate Enhancements and Reduce Sentence."

On January 10, 2006, the Court issued an order entitled, "Order Notifying Movant of the Court's Intention to Construe Movant's Motion Entitled "Motion to Eliminate Enhancements and Reduce Sentence," Filed on December 19, 2005, as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255."  Movant was given 30 days from the date of the filing of the January 10, 2006 order to withdraw his motion or to amend it so that it contained all the §

2255 claims he believed he had.  Movant did not withdraw or amend the motion.

## DISCUSSION

Title 28 of the United States Code Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6 (1)-(4).

It appears that Movant is barred by the statute of limitations from bringing this action to the federal court.  On January 23, 2003, the Ninth Circuit Court of Appeals affirmed the decision of the district court, and Movant did not file an appeal to the United States Supreme Court.  When a movant pursues a direct appeal to the Court of Appeals but does not file a petition for writ of certiorari with the United States Supreme

Court, the conviction becomes final when the time for filing such a petition elapses. See Clay v. United States, 537 U.S. 522, 532 (2003). Rule 13(1) of the Rules of the Supreme Court of the United States states that, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by...a United States court of appeals...is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

The Ninth Circuit Court of Appeals entered judgment on January 23, 2003. The time to file an appeal with the United States Supreme Court expired 90 days later, on April 24, 2003. Movant's conviction became final one year from April 24, 2003, on April 24, 2004.

The Ninth Circuit Court of Appeals has held that the doctrine of equitable tolling applies to the one-year time limitation in 28 U.S.C. § 2255. See United States v. Battles, 362 F.3d 1195 (9th Cir. 2004). To be entitled to equitable tolling, Movant must demonstrate that "extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." Battles at 1197, quoting Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (internal quotation marks and citations omitted.)

Accordingly, IT IS HEREBY ORDERED, pursuant to Rule 5 of the

4

Rules Governing Section 2255 Cases in the United States District Courts, that the Government shall file a preliminary answer to the Motion.  The Government should address the date of finality of Movant's conviction and sentence, the statute of limitations and its effect on Movant's Motion, and the issue of exhaustion, on or before June 30, 2006.  Thereafter, the court may require a supplemental answer addressing other procedural issues or addressing the merits of the motion.

Movant is given notice that the court is considering dismissing his Motion as time-barred pursuant to 28 U.S.C. § 2255 ¶ 6(1).  If the record indicates that the motion is subject to dismissal based on the statute of limitations, the Movant has the burden of demonstrating that he is entitled to tolling of the statute.  Movant may file a Reply to the Government's Preliminary Answer on or before August 4, 2006.  Movant should specifically address this Court's concerns about the statute of limitations, setting forth facts, if any, which would prevent the statute of limitations from running against him.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 31, 2006.



  /s/ Helen Gillmor
Chief United States District Judge

CC:  Motion and Order to Show Cause to: PLAINTIFF, DEFENDANT
<u>United States v. Salazar-Guillen</u> , CR. NO. 00-00187 HG-01; **ORDER TO SHOW CAUSE**