IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIM. NO. 00-00187 HG-01 |
| Plaintiff, | ) |
| vs. | ) |
| JORGE SALAZAR-GUILLEN, | ) |
| Defendant. | ) |

**ORDER NOTIFYING MOVANT OF THE COURT'S INTENTION TO CONSTRUE MOVANT'S MOTION ENTITLED "MOTION TO ELIMINATE ENHANCEMENTS AND REDUCE SENTENCE," FILED ON DECEMBER 19, 2005, AS A MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

and

**GIVING MOVANT THE OPPORTUNITY TO WITHDRAW OR AMEND HIS PLEADING**

and

**ORDER TO SHOW CAUSE**

The Court entered an order on January 10, 2006 (Doc. 630) and a second order on May 31, 2006 (Doc. 631), both concerning the Defendant's "Motion to Eliminate Enhancements and Reduce Sentence" (Doc. 629). The Court has been advised of incomplete service upon the parties. In order to avoid any possible confusion, and in fairness to the parties, the Court is issuing this new order to replace the prior two orders so as to give the parties adequate notice and time to comply.

## Procedural Background

After accepting Defendant's guilty plea, this Court sentenced Defendant on April 12, 2002 to concurrent sentences for a total of 240 months imprisonment, to be followed by five years of supervised release. (Doc. 489). Judgment of conviction was entered April 23, 2002, followed by an amended judgment on April 30, 2002. (Doc. 497, 501). The Ninth Circuit Court of Appeals affirmed Defendant's conviction and sentence on January 23, 2003, (Doc. 597). Defendant did not seek certiorari.

Nearly three years later, on December 12, 2005, the pro se prisoner signed and mailed a document styled as a "Motion to Eliminate Enhancements and Reduce Sentence" (Doc. 629) in which he generally challenged the enhancement of his sentence and referred to the United States Supreme Court's recent decision in United States v. Booker, 543 U.S. 220 (2005)(holding that the federal sentencing guidelines are advisory). Based on Booker, Defendant requests that his sentence be corrected to eliminate any enhancements.

## Intent to Construe As a § 2255 Motion

Regardless of the title of his motion, the content indicates that Defendant is challenging the legality of enhancements to his sentence. Defendant's motion (Doc. 629) should therefore be construed as a § 2255 motion to vacate. A defendant must be given notice and an opportunity to withdraw the motion before the court

recharacterizes his motion. See Castro v. United States, 540 U.S. 375, 381-382 (2003). Construing Defendant's motion as a § 2255 motion will place restrictions on his ability to bring any subsequent motions pursuant to § 2255.[1] Defendant must withdraw his motion if he wishes to prevent the motion from being construed as a § 2255 motion. If he wishes to proceed, he should include all the claims he believes he has in his §2255 motion.

**Order to Show Cause Why Defendant's §2255 Motion Should Not Be Dismissed As Untimely**

A motion to vacate pursuant to 28 U.S.C. § 2255 by a federal prisoner is subject to a one-year period of limitation that runs from the latest of four possible dates:

> "(1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

---

[1] Statutory restrictions include the following: 28 U.S.C. § 2244(b)(3) requires a defendant to apply first to the Court of Appeals to obtain authorization for a district court to review the merits of a successive § 2255 motion. In addition, 28 U.S.C. § 2255 requires that "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain - (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

>     newly recognized by the Supreme Court and made retroactively
>     applicable to cases on collateral review;
>     or
>     4) the date on which the facts supporting the claim or
>     claims presented could have been discovered through the
>     exercise of due diligence."

28 U.S.C. § 2255, ¶ 6.  See also, Clay v. United States, 537 U.S. 522, 523 (2003).  Defendant filed his motion on December 19, 2005, approximately three years after he was sentenced. Based on the record which reflects that the Defendant has exceeded the one-year period, the Court is considering dismissing the Defendant's motion as time-barred.

    Accordingly,

    **IT IS ORDERED THAT:**

1. The Defendant and the United States are given **NOTICE** that the Court intends to construe the "Motion to Eliminate Enhancements and Reduce Sentence" (Doc. 629) as a "Motion to Vacate, Set Aside, or Correct Sentence" pursuant to 28 U.S.C. § 2255; any subsequent § 2255 motions by Defendant pertaining to this conviction will be subject to the statutory restrictions on bringing second or successive motions;

2. Defendant is given leave to withdraw his motion, or alternatively, to amend it to contain all the § 2255 claims he believes he has; Defendant shall file his written notice of withdrawal or any amended claims by

October 14, 2006;

3. in the same document, if Defendant wishes to proceed, he shall **SHOW CAUSE** why his motion should not be dismissed as untimely, including any basis for equitable tolling;

4. the United States shall file by November 1, 2006, pursuant to Rule 5 of the "Rules Governing Section 2255 Proceedings in the United States District Courts", a preliminary answer limited to the issue of the timeliness of the § 2255 motion;

5. the Order on January 10, 2006 (Doc. 630) and the Order on May 31, 2006 (Doc. 631) are vacated;

6. the Clerk of Court is directed to serve the pro se Defendant Salazar-Guillen at the address on his motion (Doc. 629); Defendant shall promptly advise the Court in writing of any changes of address.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 14, 2006.



    /s/ Helen Gillmor
Chief United States District Judge

Crim. No. 00-00187 HG-01; <u>United States v. Jorge Salazar-Guillen</u>; ORDER NOTIFYING MOVANT OF THE COURT'S INTENTION TO CONSTRUE MOVANT'S MOTION ENTITLED "MOTION TO ELIMINATE ENHANCEMENTS AND REDUCE SENTENCE," FILED ON DECEMBER 19, 2005, AS A MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. §2255 and GIVING MOVANT THE

OPPORTUNITY TO WITHDRAW OR AMEND HIS PLEADING and ORDER TO SHOW CAUSE