ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 0 6 2006

at ___ o'clock and ___ min. ___M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
HONOLULU DIVISION

| | |
|---|---|
| United States of America,<br>　　Respondent,<br>v.<br>Jorge Salazar-Guillen<br>　　Petitioner. | §<br>§<br>§ Case No. CR-00-00817-01HG<br>§<br>§<br>§<br>§ |

**MOTION FOR RECONSIDERATION AND OBJECTION TO
COURT CONSTRUING PETITIONER'S MOTION AS A §2255
OR IN THE ALTERNATIVE ISSUE AN ORDER TO STAY THIS MOTION**

COMES NOW, Petitioner pro se interposing his due process rights and Haines v Kerner, 404 US 519 (1972) hereby files his motion for reconsideration and objection to the court construing his motion as a §2255. In support thereof, petitioner submits the following, to wit;

**LEGAL ARGUMENTS**

I.

**PETITIONER CANNOT FILE A SECOND OR SUCCESSIVE §2255 MOTION
BECAUSE THE SUPREME COURT HAS NOT MADE BOOKER RETROACTIVE**

Petitioner is time barred by the A.E.D.P.A from filing a first §2255. One of the prerequisites of filing a second or successive §2255 is that "An applicant may file a second or successive motion in limited circumstances, such as where he seeks to take advantage of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." §2255, ¶8(2).

As Booker has not been made retroactive by the Supreme Court,

a second or successive §2255 is unavailable for the petitioner.

## II.

IF AND WHEN THE SUPREME COURT MAKES BOOKER RETROACTIVE, DODD v UNITED STATES, 125 S.Ct. 2478, 162 Led.2d 343 (2005) REQUIRES PETITIONER TO HAVE FILED HIS BOOKER CLAIMS WITHIN ONE YEAR OF BOOKER BEING DECIDED PETITIONER PRESERVES THIS ISSUE

Dodd v. United States, 125 S.Ct. 2478, 162 Led.2d 343 (2005) mandates that in order for a prisoner to assert new right recognized by the Supreme Court, the prisoner must file within one year of when the right was initially recognized by the Supreme Court, NOT when it is made retroactive. Dodd, 162 Led.2d at 350.

If petitioner does not file his Booker claims within one year of Booker being decided (By January 12, 2006), petitioner will be left without a remedy for his Booker violations.

a. Petitioner will be denied access to court if he can not file this motion

Petitioner object to the Court construing his motion as a §2255 or as a successive §2255. Petitioner will be denied access to court in violation of his First Amendment rights if he is denied the opportunity to preserve, present his Booker claims for disposition on the merits. Access to court's does not only protect one's right to physically enter the courtroom halls, but also insures that the access to courts will be "adequate, effective and meaningful." Bounds v Smith, 430 US 817, 822 (1977).

Should this court deny petitioner the opportunity to

preserve/present his Booker claims, the petitioner will be denied access to court because by the time Booker is made retroactive (if it is) petitioner will be unable to file for relief due to Dodd, thus, depriving petitioner access to court and arguably suspends his habeas corpus rights in violation of Article I §9 of United States Constitution.

Wherefore premises considered herein, petitioner requests that this Honorable Court grant his motion for reconsideration and order petitioner resentenced minus his Booker (Sixth Amendment) violations or in the alternative, stay petitioner's motion until the Supreme Court rules Booker/Apprendi retroactive.

Date:                                        Respectfully submitted,

*Jorge Salazar*
Jorge Salazar-Guillen
Reg. No. 87626-022
Federal Correction-Low
P.O. Box 26020
Beaumont, TX 77720-6020

CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the foregoing motion addressed to:

U.S. Attorney's Office
Rm. 600 PJKK Fed. Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii 96813

on this the  1  day of  October , 2006.

*Jorge Salazar*
Jorge Salazar-Guillen

3