IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      vs.<br><br>JORGE SALAZAR-GUILLEN,<br><br>            Defendant.<br>_____ | )  CRIM. NO. 00-00187 HG-01<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITIONER'S MOTION ENTITLED "MOTION TO ELIMINATE ENHANCEMENTS AND REDUCE SENTENCE" IS WITHDRAWN
AND
ORDER DENYING PETITIONER'S MOTION ENTITLED "MOTION FOR RECONSIDERATION AND OBJECTION TO COURT CONSTRUING PETITIONER'S MOTION AS A § 2255 OR IN THE ALTERNATIVE ISSUE AN ORDER TO STAY THIS MOTION"
AND
DENYING REQUEST FOR "RELEASE AND PREPARATION OF COURT TRANSCRIPTS"**

There are three motions before the Court. Jorge Salazar-Guillen, a federal prisoner sentenced by the Court, filed a document entitled, "Motion to Eliminate Enhancements and Reduce Sentence." Salazar-Guillen was notified by an Order to Show Cause of the Court's intent to construe this motion as a petition for habeas corpus in accordance with 28 U.S.C. § 2255. He was given the option to withdraw the motion or amend his claims.

In response to the Court's Order to Show Cause, Salazar-

Guillen filed a document entitled, "Motion for Reconsideration and Objection to Court Construing Petitioner's Motion as a § 2255 or in the Alternative Issue an Order to Stay This Motion." Salazar-Guillen's filing requests that his first motion not be construed as a 28 U.S.C. § 2255 motion and the Court stay the proceedings.

As requested by Salazar-Guillen, the Court does not construe the "Motion to Eliminate Enhancements and Reduce Sentence" as a motion for relief pursuant to 28 U.S.C. § 2255.  The "Motion to Eliminate Enhancements and Reduce Sentence" is **WITHDRAWN**.

Salazar-Guillen's "Motion for Reconsideration and Objection to Court Construing Petitioner's Motion as a § 2255 or in the Alternative Issue an Order to Stay This Motion," is **DENIED**.

Salazar-Guillen's third motion requests that the Court "release and prepare" his transcripts without fee.  Salazar-Guillen is not entitled to transcripts without fee.  "Defendant's Motion to Request that the Court Order the Release and Preparation of the Court's Transcripts" is **DENIED**.

## PROCEDURE

On October 22, 2001, Salazar-Guillen pled guilty to four offenses: 1) continuing criminal enterprise; 2) possessing a firearm while being an unlawful user of a controlled substance; 3) money laundering of drug proceeds; and 4) criminal forfeiture (Doc. 383).

On April 12, 2002, Salazar-Guillen was sentenced to concurrent terms for a total of 240 months imprisonment, to be followed by five years of supervised release (Doc. 489).

Judgment of conviction was entered April 23, 2002, followed by an amended judgment on April 30, 2002 (Doc. 497, 501).

On January 23, 2003, the Ninth Circuit Court of Appeals affirmed Salazar-Guillen's conviction and sentence (Doc. 597).

He did not seek certiorari.

On December 19, 2005, Salazar-Guillen filed a document entitled "Motion to Eliminate Enhancements and Reduce Sentence" (Doc. 629).

On January 10, 2006, the Court notified Salazar-Guillen of its intention to construe his motion as a "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255" (Doc. 630). Salazar-Guillen was given 30 days to withdraw the motion or amend it to contain all of his § 2255 claims. Salazar-Guillen was given notice that the Court was considering dismissing his motion as time-barred. He was ordered to show cause why his § 2255 motion should not be dismissed as untimely, including any basis for equitable tolling. The Government was ordered to respond to the issue of timeliness of the § 2255 motion.

On May 31, 2006, the Court entered an Order to Show Cause (Doc. 631), giving Salazar-Guillen an additional opportunity to show cause why the § 2255 motion should not be dismissed as

untimely.

The Court became aware that the January 10, 2006 and May 31, 2006 Orders were improperly served on the parties.

On September 15, 2006, the Court vacated the January 10, 2006, and May 31, 2006 Orders. A new order issued on that date providing the same information and instructions to the parties and giving them additional time to comply ("September 15, 2006 Order," Doc. 633).

On October 6, 2006, Salazar-Guillen filed a document entitled "Motion for Reconsideration and Objection to Court Construing Petitioner's Motion as a § 2255 or in the Alternative Issue an Order to Stay This Motion" (Doc. 634).

On October 24, 2006, Salazar-Guillen filed a document entitled "Defendant's Motion to Request That the Court Order the Release and Preparation of the Court's Transcripts" (Doc. 636).

The Government has never responded to Salazar-Guillen's motions.

### ANALYSIS

#### "Motion to Eliminate Enhancements and Reduce Sentence" Is not Construed as a 28 U.S.C. § 2255 Motion and Is Withdrawn

In response to the Court's Order to Show Cause, Salazar-Guillen requested that his "Motion to Eliminate Enhancements and Reduce Sentence" not be construed as a habeas petition pursuant to 28 U.S.C. § 2255.

It is sometimes appropriate for Courts to construe pro se pleadings as motions pursuant to 28 U.S.C. § 2255. United States of America v. Seesing, 234 F.3d 456, 463-64 (9th Cir. 2001).

The Ninth Circuit Court of Appeals has provided district courts specific instructions for determining whether it is appropriate to recharacterize a prisoner motion as a § 2255 motion. The Ninth Circuit Court of Appeals has directed the district court as follows:

> [A] district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

Id. at 464 (emphasis added, footnote omitted); See Castro v. United States, 540 U.S. 375, 381-382 (2003).

Salazar-Guillen was given notice by the Order to Show Cause of the Court's intent to construe his motion as a § 2255 motion. He was given the opportunity to withdraw or amend his motion. In response to the Order to Show Cause, Salazar-Guillen indicated that he did not consent to construal of the motion as a § 2255 motion and instead asks the Court for alternative relief. The Court does not construe the "Motion to Eliminate Enhancements and

5

Reduce Sentence" as a 28 U.S.C. § 2255 motion and treats the motion as withdrawn.  Salazar-Guillen's "Motion to Eliminate Enhancements and Reduce Sentence" is **WITHDRAWN.**

### Salazar-Guillen's Motion for Stay

Salazar-Guillen requests that instead of the Court construing his motion as a § 2255 motion now, the Court stay the proceedings until United States v. Booker, 543 U.S. 220 (2005) is made retroactively applicable to cases on collateral review.  He argues that the holding in Dodd v. United States, 545 U.S. 353 (2005) requires that he file a motion requesting that the Court reduce or eliminate enhancements to his sentence within one year of Booker being decided in order to preserve rights he believes he has pursuant to the holdings of Booker.

Salazar-Guillen believes a stay will accomplish two goals:

(1) preserve the timeliness of his filing, which he asserts is measured by the statute of limitations set forth in Dodd; and

(2) prevent a ruling on his claims until Booker becomes retroactive.

I.   **Relevant Statutory Framework and Caselaw**

   A.   **United States v. Booker**

Salazar-Guillen alleges that his Sixth Amendment rights were violated because the Court imposed sentencing enhancements based on facts that should have been submitted to a jury and proved beyond a reasonable doubt in accordance with the mandates of

Booker.

Salazar-Guillen believes the holding in Booker would result in a different sentence if applied to his case. The Court does not reach the merits of his contention.

The Supreme Court explicitly stated in Booker that the holdings were applicable to all cases on direct review. Id. at 268. The Ninth Circuit Court of Appeals has held, however, that Booker is not retroactively applicable to cases on collateral review. United States v. Cruz, 423 F.3d 1119, 1120-1121 (9th Cir. 2005); Hewett v. United States, 372 F. Supp. 2d 585 (D. Haw. 2005).

Salazar-Guillen is seeking collateral review of his sentence and correctly understands that if his sentence is reviewed now, he would not be accorded relief because Booker is not retroactively applicable to cases on collateral review. He requests, therefore, a stay of the proceedings until Booker is made retroactively applicable to cases on collateral review.

**B.  Dodd v. United States**

The Supreme Court in Dodd v. United States, 545 U.S. 353, 357-58 (2005) settled a dispute among the Courts of Appeals regarding the date on which the statute of limitations begins to run pursuant to 28 U.S.C. § 2255 ¶ 6(3) of the Antiterrorism and

Effective Death Penalty Act ("AEDPA").[1]  Enacted on April 24, 1996, AEDPA applies to habeas petitions filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 326 (1997); Williams v. Taylor, 529 U.S. 362, 402 (2000).

Pursuant to AEDPA, a 28 U.S.C. § 2255 motion is subject to a one-year period of limitation that runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6;  see Clay v. United States, 537 U.S. 522, 523 (2003).

If a petitioner fails to file before the statute of limitations expires, he is barred from proceeding unless

---

[1] The Supreme Court in Dodd cited Courts of Appeals holdings that were inconsistent.  Compare Ross v. United States, 289 F.3d 677, 681 (11th Cir. 2002) and United States v. Lopez, 248 F.3d 427, 432-33 (5th Cir. 2001)(both holding that the period runs from date of Supreme Court decision initially recognizing the right asserted) with Pryor v. United States, 278 F.3d 612, 616 (6th Cir. 2002) and United States v. Valdez, 195 F.3d 544, 547-48 (9th Cir. 1999) (both holding that the period does not begin to run until the right has been held retroactively applicable to cases on collateral review).

equitable tolling applies. Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002). A petitioner may not circumvent the statute of limitations by resorting to other remedies. See Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002), cert. denied, 537 U.S. 1022 (2002).

In Dodd, the Supreme Court held that the one-year statute of limitations in 28 U.S.C. § 2255 ¶ 6(3) begins to run on the date that the Supreme Court initially recognizes a right rather than the date on which the new rule is held to apply retroactively. 545 U.S. at 357-358. Dodd, as Salazar-Guillen asserts, requires a prisoner to file a § 2255 motion within one year of a new right being recognized by the Supreme Court.

The date on which the one-year statute of limitations to file a habeas petition begins to run pursuant to Dodd and 28 U.S.C. § 2255 ¶ 6(3) is only to determine the timeliness of a motion when: first, a § 2255 motion is being considered, and second, the right asserted has been newly recognized **and** made retroactive to cases on collateral review by the Supreme Court. Id.

A petitioner, therefore, cannot take advantage of the date provided in 28 U.S.C. § 2255 ¶ 6(3) to measure the one-year statute of limitations unless the condition - that the newly recognized right has been made retroactive on collateral review - is met.

## II. Dodd Is Inapplicable Because Salazar-Guillen's One-Year Limitation Period in Which to File a § 2255 Motion Began on the Date His Conviction Became Final

Salazar-Guillen was notified by the Order to Show Cause that if he filed a § 2255 motion, he would be subject to the one-year limitation period that runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255, ¶ 6(1); Clay, 537 U.S. at 524. In his Motion for Stay, Salazar-Guillen concedes that he is time-barred by AEDPA from filing a § 2255 motion because it has been more than one year since his conviction became final.

He inexplicably asserts, however, that Dodd v. United States, 545 U.S. 343, 357-58 (2005) "mandates that in order for a prisoner to assert new right[s] recognized by the Supreme Court, the prisoner must file within one year of when the right was initially recognized by the Supreme Court, not when it is made retroactive." ("Motion for Reconsideration, and Objection to Court Construing Petitioner's Motion As a § 2255 or in the Alternative Issue an Order to Stay This Motion" at 2.)

Salazar-Guillen argues that, as mandated by Dodd, he has timely filed objections to his sentence in light of Booker. Salazar-Guillen requests a stay to preserve his timely filing in accordance with Dodd until Booker is made retroactive on collateral review.

The Court recognizes Salazar-Guillen's intention to preserve

10

a collateral challenge to his sentence on Booker grounds. To grant Salazar-Guillen a stay, however, would enable him to avoid AEDPA's one-year limitation period that began, as he conceded, when his judgment of conviction became final.

Salazar-Guillen's reliance on the date on which the statute of limitations for § 2255 motions begins to run in Dodd is misplaced. Title 28 U.S.C. 2255 ¶ 6(3)'s date, as the Supreme Court states in Dodd, is only applicable where the newly recognized right asserted by a habeas petitioner is retroactively applicable on collateral review. 545 U.S. at 357-358.

This date is inapplicable, however, to measure the timeliness of any § 2255 motion that Salazar-Guillen files because he asserts a right to a reduction of his sentence based on Booker, which the Ninth Circuit has held is not retroactively applicable to cases on collateral review. Cruz, 423 F.3d at 1120-1121; Hewett, 372 F. Supp. 2d 585.

The timeliness of a § 2255 motion filed by Salazar-Guillen would be measured from the date on which his conviction became final, not on the date that Booker was decided. Salazar-Guillen cannot avoid the one-year limitation period or the requirement of showing a basis for equitable tolling if the limitations period has expired by incorrectly asserting that his filing is timely pursuant to Dodd and requesting that the Court stay the proceedings in order to then construe his motion as a § 2255 if

11

and when Booker becomes retroactive.  The Motion for Stay is **DENIED**.

### "Motion to Request That the Court Order the Release and Preparation of the Court's Transcripts"

**I.   Salazar-Guillen Is Not Entitled to Transcripts Without Cost**

Salazar-Guillen requests the "release and preparation," without fee, of his arraignment, plea hearing, and sentencing hearing transcripts to allow for proper consideration of his claims.  Pursuant to 28 U.S.C. 753(f), the Court may collect fees for transcripts requested by the parties.  Fees for transcripts furnished to habeas corpus petitioners proceeding in forma pauperis and criminal defendants proceeding under the Criminal Justice Act (18 U.S.C. § 3006A) and 28 U.S.C. § 753(f) shall be paid by the United States.

Salazar-Guillen requested that his filing not be construed as a 28 U.S.C. § 2255 motion.  The district court is not authorized to order payment for transcripts before a defendant has filed a § 2255 motion raising non-frivolous issues that require a transcript for review.  United States v. MacCollom, 426 U.S. 317, 321 (1976).  Salazar-Guillen has asked that his motion not be construed as a 28 U.S.C. § 2255 motion entitling him to transcripts without fee.  Salazar-Guillen is required to pay for any transcripts released.  His  "Motion to Request That the Court Order the Release and Preparation of the Court's Transcripts" is

**DENIED.**

## CONCLUSION

In accordance with the foregoing, **IT IS ORDERED THAT:**

1) The "Motion to Eliminate Enhancements and Reduce Sentence" (Doc. 629) is **WITHDRAWN,** and

2) Salazar-Guillen's "Motion for Reconsideration and Objection to Court Construing Petitioner's Motion as a § 2255 or in the Alternative Issue an Order to Stay this Motion," construed as a Motion for Stay (Doc. 634) is **DENIED**, and

2) Salazar-Guillen is not entitled to the release and production of the Court's transcripts without fee. His "Motion to Request That the Court Order the Release and Preparation of the Court's Transcripts," (Doc. 636) is **DENIED.**

**IT IS SO ORDERED.**

DATED:  Honolulu, Hawaii, December 26, 2006.



　　　　　　　　　　　　　　　　/S/ Helen Gillmor
　　　　　　　　　　　　　　　Helen Gillmor
　　　　　　　　　　　　　　　Chief United States District Judge

---

Crim. No. 00-00187 HG-01; United States v. Jorge Salazar-Guillen; Petitioner's Motion Entitled "Motion to Eliminate Enhancements and Reduce Sentence" Is Withdrawn and Order Denying Petitioner's Motion Entitled "Motion for Reconsideration and Objection to Court Construing Petitioner's Motion as a § 2255 or in the Alternative Issue an Order to Stay This Motion" and Denying Request for "Release and Preparation of Court Transcripts"