IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 9 2007

at \_\_\_ o'clock and \_\_\_ min. \_\_M
SUE BEITIA, CLERK

| | |
|---|---|
| JORGE SALAZAR-GUILLEN § | |
| PETITIONER § | |
| § | Criminal No. 00-00187-01-HG |
| vs. § | CIVIL_____ |
| § | |
| FRANCISCO QUINTANA, WARDEN § | |
| F.C.I. Beaumont-Low and | |
| UNITED STATES OF AMERICA § | |
| DEFENDANTS § | |

BRIEF IN SUPPORT OF PETITIONER'S MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C §2255

COMES NOW, Jorge Salazar-Guillen, "Salazar" Petitioner/Defendant and files this brief in support of his Motion to Vacate, Set Aside, or Correct a Sentence Under Title 18 of the United States Code under Section §2255. The Petitioner/Defendant after consideration of the court requests that his sentence be set aside, remanded, or dismissed. In support, the Petitioner/Defendant will show the court the following:

I

On or about April 8, 2000, Defendant "Salazar" was arrested and charged on a felony charge of Continuing Criminal Enterprise in violation of Title 21 U.S.C. 848 (A), Criminal Forefeiture Title 21 U.S.C. 853, Money Laundering-Controlled Substance-Sell/Distribute/Dispense under Title 18 U.S.C. 1956 (A) (1), Unlawful User of Drugs to Possess in and Affect Commerce, A Firearm under Title 18 U.S.C 922 (G) (3)

1

Thereafter the Petitioner/Defendant was indicted and was charged in a multiple felony indictment. Defendant appeared before the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. Defendant was arraigned and case was set for trial.

On or about October 17, 2001, Petitioner/Defendant appeared before the court and plead guilty to Count 1 of Continuing Criminal Enterprise. During the time the Petitioner/Defendant appeared and plead guilty, the court asked the Petitioner/Defendant if he had any questions with respect to his english language. The Petitioner/Defendant responded to the court "Yes" but, the court did not address the issue as to whether the defendant would need a court interpreter for his case.

Thereafter the Petitioner/Defendant again appeared before the court where he plead guilty to the charges and the court set the Petitioner/Defendant for Punishment. Petitioner/Defendant appeared for sentencing and was sentenced to a prison term of 240 months with a term of 5 years of supervised release. The Petitioner/Defendant is currently serving his prison term at the Federal Corrections Facility-Low in Beaumont, Texas.

ISSUES

A) Ineffective Assistance of Counsel (Conflict of Interest) Attorney who represented Petitioner/Defendant on this same case knowing that their testimony would also be used to convict, enhance, and be used against the Defendant/Petitioner in order to name him as the leader of Continuing Criminal Enterprise and therefore the attorney could not have been able to represent the Petitioner/Defendant effectively;

B) The court erred when it determined that drugs that were were found for personal use and was used in calculat- the whole amount together with drugs that were sold.

2

C) The court erred and violated the rights of the Petitioner/Defendant to a fair trial whe it failed to provide an interpreter knowing that the Petitioner/Defendant has problems understanding the english language.

D) The court erred in accepting the plea of the Petitioner/Defendant on the Continuing Criminal Enterprise when in fact the prosecution could not prove that the persons that the Petitioner/Defendant was providing drugs to were in fact users and were not employees of the Petitioner/Respondent.

## ARGUMENT

Issue One - Ineffective of Counsel

Defendant/Petitioner argues that his attorney was ineffective in defending the Petitioner/Defendant because the Petitioners/Defendant's attorney was the same attorney who was representing other defendants in the same case. The Petitioner/Defendant was charged with Conspiracy and Continuing Criminal Enterprise along with other defendants in the same case. Attorney could not been able to represent Petitioner/Defendant with an open mind due to the fact that the statements of the other defendants would be used against the Petitioner/Defendant. This would also violate the attorney/client priviledge on confidentiality. Because in order for the attorney to properly defend Petitioner/Respondent, the attorney would have had to devulge information that was given to him by other defendants. This information was going to be used against the Petitioner/Defendant in his trial. It was also used to label him as the leader for the C.C.E. case in which the defendant was sentenced to 240 months in prison. At the time of the entering of Petitioners/Defendants plea, the Petitioner/Defendant felt pressured because his attorney really did not want

3

to take case to trial. There is clear indications that the attorney had already made up his mind regarding the guilt of the Petitioner/Defendant and could not have possibly been able to defend the Petitioner/Defendant and afford him a fair trial based on the open-mindedness of his attorney.

> Issue Two - The court erred when it determined that drugs that were found for personal use and was used in calculating the whole amount together with the drugs that were sold.

When the Petitioner/Defendant was arrested, he agents found and seized drugs at the home of the Petitioner/Respondent. At the time that the government was trying to work out the plea against the Petitioner/Defendant, it has determined that the amount of drugs the Pettioner/Respondent was going to plea to was to 10 lbs and only because that was the amount that had been determined by the government. But, the drugs that were found in the home of the Petitioner/Defendant was also for personal use. Petitioner did admit of the record that he was a drug user and that the drugs were also for personal use. Again his attorney failed to argue and try to show the court that the defendant was a drug user and had even been charged with Unlawful user of Drugs to Possess in and Affect Commerce, A Firearm in violation of 18 U.S.C. 922 (G)(3). It was never argues that all the drugs were not only for sale but was also for personal use of the Petitioner/Defendant. It was submitted by the Assistant United States Attorney that the defendant was in fact a drug user.

> Issue Three - The court erred and violated the rights of the Petitioner/Defendant to a fair trial when it failed to provide a interpreter knowing that the Petitioner/Defendant had problems in understanding the english language.

4

Petitioner/Defendant argues that the court violated the rights of the to a fair trial. When the Petitioner/Defendant appeared before the court, the he made it know that he did not understand the english language well enought. The Petitioner/Defendant is of Mexican national and his english is limited. The court judge during his withdrawal of plea hearing, asked the Petitioner/Defendant as to whether he had any questions with respectto his english. The Petitioner/Respondent answered "yes" but the court continued with it's court hearing and did not address the issue as to what the Petitioner/Defendant meant when he said he had in respect to his english. The Petitioner/Defendant felt pressured at times because he could not understand several proceedings that were occuring in court. Further the Petitioner/Defendant's first language is spanish. He was under the impression that the court would not provide him with an interpreter because he would have to pay for it. It is the right of the accused to have a fair and impartial trial and it is also by law that the trial be had in english. Because the Petitioner/Defendant did not know the english language well and had problems understanding what was being said in court, he had to try to figure out what was being said in court. Therefore the Petitioner/Defendant claims that the court erred and violated the rights of the accused of a fair trial.

    D) The court erred in accepting the plea of the Petitioner/Defendant on the C.C.E. when in fact the prosecution could not prove that the persons that the Petitioner/Defendant was providing drugs to were in fact users and were not employees of the Petitioner/Defendant as it was stated in court.

5

The Petitioner/Defendant argues that when he plead to the charges, he was pleaing guilty only for the fact that he did not want his family to be convicted in this crime because they had nothing to do with the conspiracy. Again the Petitioner/Defendant felt pressured and plead. When the court was hearing evidence to determine if in fact the Petitioner/Defendant was guilty, he had plead guilty for conspiracy. The court labeled him as Leader of the C.C.E. But Petitioner/Defendant was not employing these people who are stated that were employed by him. In fact, the other defendants in this case were drug users who would buy amounts from the defendant and they in turn would also sell it. What they did with the drugs was out of the control of the Petitioner/Defendant. Petitioner/Defendant had no control as to what they would do with the drugs after they would by it. The government even admitted that the defendants had been to drug rehab and were drug users. Therefore, the Petitioner/Defendant is not a leader of the C.C.E. charge as charged in the indictment because the buyers were not his employess and again, the Petitioner/Defendant simply sold them the drugs and had no control as to what they would do with it after they took it.

## CONCLUSION

The conviction and sentence of the Petitioner/Defendant shall be vacated, set aside, or dismissed because of the violations and denial of a fair trial. The Petitioner/Defendant will show the court that it erred in the way the defendant was taken before the court and sentenced to a crime in which the government failed to prove and only simply relied on testimony of other defendants. The Petitioner/Respondent shall be retried and/or in the alternative,

6

an evidentiary hearing shall be ordered to determine as to wether the rights of the accused were violated.

### PRAYER

Petitioner prays that upon consideration of the court, that the court order that the Petitioner's/ Defendant's conviction and sentence be set aside, vacated, and/or dismissed.

Petitioner/Defendant further prays that the court order an evidentiary hearing to determine the extent of violations of the rights of the accused. The Petitioner/Defendant further reserves the right to amend his Title 18 U.S.C § 2255 motion for the fact that the defendant has had to rely on memory and he is trying to obtain trial transcripts from the court at this time of filing.

Petitioner/Defendant prays for all relief requested and any and all relief that he is justly entitled to.

Respectfully Submitted,

*Jorge G. Salazar*

Jorge Guillen-Salazar #87626-022
F.C.I. Beaumont Low-Unit SB
P.O. Box 26020
Beaumont, Texas 77720-6020