EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

LOUIS A. BRACCO
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail:  Lou.Bracco@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JORGE SALAZAR-GUILLEN, | ) | CV. NO. 07-00035 HG/LEK |
| | ) | (CR. NO. 00-00187-01 HG) |
| Petitioner, | ) | |
| | ) | GOVERNMENT'S REPLY TO |
| vs. | ) | DEFENDANT SALAZAR'S |
| | ) | (28 U.S.C. § 2255) PETITION |
| UNITED STATES OF AMERICA, | ) | TO VACATE HIS |
| | ) | CONVICTION(S)/SENTENCE; |
| Respondent. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | |

GOVERNMENT'S REPLY TO DEFENDANT SALAZAR'S
(28 U.S.C. § 2255) PETITION TO VACATE HIS CONVICTION(S)/SENTENCE

A.   INTRODUCTION

This pleading is filed pursuant to the Court's instruction (per Minute Order entered January 23, 2007) and responds to the pro se 28 U.S.C. § 2255 petition of convicted Defendant Jorge Salazar-Guillen ("Salazar") filed January 19, 2007.  Defendant-Petitioner ("Petitioner") Salazar was convicted

by plea on October 22, 2001 of participating in a continuing criminal enterprise, unlawful possession of a firearm as a drug user, and money laundering. Petitioner was sentenced on April 12, 2002.[1]

Petitioner Salazar now challenges his conviction(s) and sentence on multiple grounds, which are variously alleged in his present Petition. However, as this Court has previously suggested in its prior Orders preceding (and anticipating) Petitioner Salazar's present § 2255 motion (see Orders issued by Judge Gillmor filed in this matter on December 26, 2006 (docket entry 641), September 15, 2006 (docket entry 633), and May 31, 2006 (docket entry 631), Salazar's § 2255 claims are plainly untimely pursuant to the 1996 Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

Accordingly, for the reasons set forth below, Salazar's § 2255 petition is time-barred, and should be dismissed as untimely made.[2]

---

[1] Prior proceedings in the District Court and on direct appeal in the Ninth Circuit were handled (principally) by AUSA Thomas Muehleck, who is presently on active military service. Undersigned Government counsel has obtained the factual information provided herein from the District Court records and pleadings, as well as the appellate brief filed in the Ninth Circuit by AUSA Muehleck.

[2] Because the Court has noticed in a prior order in this matter (see docket entry 633 filed September 15, 2006) its stated inclination to find Petitioner's claim time-barred, and because of obvious staleness of the petition, we have not addressed herein the merits of the various claims. However, should the

B. BACKGROUND

Petitioner Salazar was sentenced in the District Court on April 12, 2002. His convictions and sentence were thereafter affirmed on appeal by the Ninth Circuit by Memorandum Opinion issued December 27, 2002. Petitioner did not file for certiorari review.

For purposes of a § 2255 petition, a judgment becomes final (and the limitations period begins to run) upon the expiration of the time during which the movant could have sought review by direct appeal. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Because Petitioner did not file for certiorari review in the Supreme Court, his conviction(s) became final 90 days after December 27, 2002, that is, March 26, 2003. The 1-year limitations period in 28 U.S.C. § 2255 thus expired on March 25, 2004.

Petitioner Salazar did not make any challenge to his conviction(s) and/or sentence in this matter until more than 18 months later, on December 19, 2005, when he filed a pleading styled as a "Motion to Eliminate Enhancements and Reduce Sentence" (docket entry 629). His present § 2255 petition was not filed until January 19, 2007. Thus, neither of Petitioner's

---

Court for any reason decide to reach the merits of Petitioner's claims, we request the opportunity to respond.

pleadings has been timely filed within the 1-year limitations period required by the AEDPA.

The various Orders entered by the Court subsequent to the Petitioner's December 2005 "Motion to Eliminate Enhancements and Reduce Sentence" show that the Court carefully considered whether to construe Petitioner's December 2005 pleading as a § 2255 motion. (See docket entries 630, 631, 633, 641). The record reflects that the Court issued its prior Orders, in part, to give Petitioner appropriate notice of adverse effects, should his December 2005 pleading be construed as a § 2255 motion (see e.g., Castro v. United States, 540 U.S. 375, 381-83 (2003); United States v. Seesing, 234 F.3d 456, 463-64 (9th Cir. 2001)). Ultimately, Petitioner objected to such a construction, and the Court declined to construe Petitioner's December 2005 pleading as a § 2255 motion.

### C.  DISCUSSION

Regardless of the Court's ultimate construction of Petitioner's December 2005 pleading, the claims raised in Petitioner's present § 2255 motion would in any event be untimely, since even the earlier pleading was not made until more than 18 months after Petitioner's conviction(s) became final for purposes of the AEDPA.

Had the Court construed Petitioner's earlier pleading as a § 2255 motion, Petitioner would have still been required to

show cause why such motion should not be dismissed as untimely. (See Court's "<u>Order Notifying Movant of the Court's Intention to Construe Movant's Motion Entitled "Motion to Eliminate Enhancements and Reduce Sentence," filed on December 19, 2005, as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and Giving Movant the Opportunity to Withdraw or Amend His Pleading and Order to Show Cause</u>" filed September 15, 2006 (docket entry 633). The Court reasoned that in its order that Petitioner would be barred from litigating his claims unless the "equitable tolling" doctrine applies, citing <u>Corjasso v. Ayers</u>, 278 F.3d 874, 878 (9th Cir. 2002). The identical legal analysis as to timeliness previously made by the Court in considering how to construe Petitioner's December 2005 pleading, now applies to his present § 2255 petition.

Neither has Petitioner made any showing that "equitable tolling" applies to excuse his late filing(s). See e.g. <u>United States v. Battles</u>, 362 F.2d 1195, 1197 (9th Cir. 2004) (Petitioner must demonstrate that "extraordinary circumstances" prevented him from timely filing). Petitioner has not alleged any such "extraordinary circumstances" (see Petition paragraph 13), and, the record in Petitioner's case reveals none. Petitioner's claims are thus time-barred by the 1-year statute of limitations applicable to 28 U.S.C. § 2255 claims.

D.   CONCLUSION

Wherefore, for the reasons stated herein, Petitioner Salazar's present § 2255 claim(s) should be dismissed.

DATED: February 6, 2007, at Honolulu, Hawaii.

                          Respectfully submitted,

                          EDWARD H. KUBO, JR.
                          United States Attorney
                          District of Hawaii

                          By /s/ Louis A. Bracco
                             LOUIS A. BRACCO
                             Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

JORGE SALAZAR-GUILLEN                              February 6, 2007
Register No. 87626-022
FCI Beaumont Low-Unit SB
Federal Correctional Institution
P.O. Box 26020
Beaumont, TX 77720-6020

Petitioner Pro Se

DATED: February 6, 2007, at Honolulu, Hawaii.

/s/ Shelli Ann H. Mizukami