ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII
MAR 14 2007
at 4 o'clock and 30 min. PM
SUE BEITIA, CLERK

| | |
|---|---|
| JORGE SALAZAR-GUILLEN, § | |
| Petitioner § | CV. NO. 07-00035-HG/LEK |
| vs § | CR. NO. 00-00187-HG |
| UNITED STATES OF AMERICA, § | |
| Respondent § | |

DEFENDANT/MOVANT'S RESPONSE TO GOVERNMENT'S REPLY TO DEFENDANT SALAZAR'S 28 U.S.C. PETITION TO VACATE HIS CONVICTION(S)/SENTENCE

COMES NOW, Jorge Salazar-Guillen, Petitioner/Defendant in the above entitled and numbered cause and files his response to the government's reply to defendant Salazar's 28 U.S.C petition to vacate his conviction(s)/sentence. In support of this response, movant/defendant will show the court the following:

1.

This response is in response to Government's Reply to Defendand Salazar's 28 U.S.C § 2255 Petition to Vacate his Conviction(s)/Setnence filed with the clerk February 6, 2007 reply to Movant/Defendant Salazar's Petition to Vacate his conviction which was filed on January 19, 2007. Petitioner/Defendant Salazar was on October 22, 2001 convicted of participating in a cotinuing criminal enterprise by plea agreement. unlawful possession of a firearm as a drug user and money laundering.

On April 12, 2002 Petitioner/Defendant was sentenced to a term of imprisonment and is currently incarcerated at the F.C.I. Beaumont-Low in Beaumont, Texas.

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII
MAR 14 2007
at 4 o'clock and 30 min. PM
SUE BEITIA, CLERK

| | |
|---|---|
| JORGE SALAZAR-GUILLEN, § | |
| Petitioner § | CV. NO. 07-00035-HG/LEK |
| vs § | CR. NO. 00-00187-HG |
| UNITED STATES OF AMERICA, § | |
| Respondent § | |

DEFENDANT/MOVANT'S RESPONSE TO GOVERNMENT'S REPLY TO DEFENDANT SALAZAR'S 28 U.S.C. PETITION TO VACATE HIS CONVICTION(S)/SENTENCE

COMES NOW, Jorge Salazar-Guillen, Petitioner/Defendant in the above entitled and numbered cause and files his response to the government's reply to defendant Salazar's 28 U.S.C petition to vacate his conviction(s)/sentence. In support of this response, movant/defendant will show the court the following:

1.

This response is in response to Government's Reply to Defendand Salazar's 28 U.S.C § 2255 Petition to Vacate his Conviction(s)/Setnence filed with the clerk February 6, 2007 reply to Movant/Defendant Salazar's Petition to Vacate his conviction which was filed on January 19, 2007. Petitioner/Defendant Salazar was on October 22, 2001 convicted of participating in a cotinuing criminal enterprise by plea agreement. unlawful possession of a firearm as a drug user and money laundering.

On April 12, 2002 Petitioner/Defendant was sentenced to a term of imprisonment and is currently incarcerated at the F.C.I. Beaumont-Low in Beaumont, Texas.

2.

Petitioner/Defendant has filed a motion requesting that his conviction be set aside based on ineffective assistance of counsel for failure to challenge several issues in which affected the outcome of the defendant's conviction. The government's position is that the petitioner/defendant is barred from filing for relief under title 28 U.S.C. § 2255 because the filing is over the one year allowed to file for relief. Then the government's response further states that the court "previously suggested in its prior orders preceding (and anticipating) petitioner Salazar's present § 2255 motion (see orders issued by Judge Gillmor filed in this matter on December 26, 2006 (docket entry 641), Salazar's § 2255 claims are plainly untimely pursuant to the 1996 Anti-Terrorism and Effective Death Penalty ("AEDPA")." However, under 28 U.S.C. § 2255 titled Fedral Prisoners states "A federal prisoner alleging that he is in custody in violation of habeas corpus principles proceeds by filing a motion to vacate his sentence under this title provide four grounds for relief. But then it further states that the one year limitation does not apply if a defendant files for "A Second or Successive motion based on newly discovered evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." Petitioner at the time of the filing of the prior motions were to "dismiss ehnacements" and therefore would not rule on his motions because the court stated that those motions would have to be construed as § 2255 motions in order for the court to proceed with prior motions. The government is incorrect to state that petitioner's pending petition and

the prior motions are for the same arguments. The other motions previously filed were not motions requesting relief under 28 U.S.C. § 2255 nor was it ever certified by the court that they were indeed § 2255 motions.

Furthermore, the petitioner/defendant did not attack his sentence until after 18 months later because of the petitioner's failure to obtain a complete copy of his "court transcripts" in which his attorney has failed to provide him with. Petitioner has filed his request for relief under habeas corpus based on the recollection of the petitioner/defendant and needs his trial transcripts in order to perfect his motion. Petitioner/Defendant's trial attorney has been negligent in providing his with the requested copies violating his right to access to the court.

### RELIEF

For reasons set forth above, Petitioner/Defendant's motion for relief under 28 U.S.C. § 2255 shall not be dismissed. The Petitioner/Defendant further prays that upon consideration of the court, that the court grant Petitioner/Defendant all relief requested and any and all relief that he is justly entitled to.

Respectfully Submitted,

*Jorge Salazar*

Jorge Salazar-Guillen #87626-022
F.C.I. Beaumont Low-Unit SB
P.O. Box 26020
Beaumont, Texas 77720-6020

CERTIFICATE OF SERVICE

I certify that on this 7 day of March, 2007, I mailed a copy of this foregoing response to the Office of the United States Attorney by mailing a copy of same by U.S.C Postal Service postage prepaid regular mail to the address below:

> United States Attorney
> Attn: Louis A. Bracco
> 300 Ala Moana Blvd, Ste 6100
> Honolulu, Hawaii 96850

*Jorge Salazar*