IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 00-00187 HG-01 |
|  | ) | CIVIL NO. 07-00035 HG-LEK |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| JORGE SALAZAR-GUILLEN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
| _____ | ) |  |
|  | ) |  |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**
**AND**
**DENYING "MOTION FOR AN ORDER DIRECTING THE COURT REPORTER TO PROVIDE PETITIONER A COPY OF TRIAL TRANSCRIPT"**

There are two motions before the Court.  Jorge Salazar-Guillen, a pro-se prisoner sentenced by this Court, has filed a petition for habeas corpus, a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. Section 2255.  Salazar-Guillen has also filed a document entitled "Motion for an Order Directing the Court Reporter to Provide Petitioner a Copy of Trial Transcript."

Salazar-Guillen's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. Section 2255 is untimely.  The motion is **DISMISSED** with prejudice.

The "Motion for an Order Directing the Court Reporter to

Provide Petitioner a Copy of Trial Transcript" is **DENIED**.

## PROCEDURE

On October 22, 2001, Salazar-Guillen pled guilty to four offenses: 1) continuing criminal enterprise; 2) possessing a firearm while being an unlawful user of a controlled substance; 3) money laundering of drug proceeds; and 4) criminal forfeiture (Doc. 383).

On April 12, 2002, Salazar-Guillen was sentenced to concurrent terms for a total of 240 months imprisonment, to be followed by five years of supervised release (Doc. 489).

Judgment of conviction was entered April 23, 2002, followed by an amended judgment on April 30, 2002 (Doc. 497, 501).

On January 23, 2003, the Ninth Circuit Court of Appeals affirmed Salazar-Guillen's conviction and sentence (Doc. 597).

He did not seek certiorari.

On December 19, 2005, Salazar-Guillen filed a document entitled "Motion to Eliminate Enhancements and Reduce Sentence" (December 19, 2005 motion") (Doc. 629).

The Court notified Salazar-Guillen of its intention to construe the December 19, 2005 motion as a "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255."  Salazar-Guillen was given an opportunity to withdraw the motion or amend it to contain all of his § 2255 claims.  Salazar-Guillen was given notice that the Court was considering dismissing his motion as

time-barred. He was ordered to show cause why his § 2255 motion should not be dismissed as untimely, including any basis for equitable tolling.

On October 6, 2006, Salazar-Guillen filed a document entitled "Motion for Reconsideration and Objection to Court Construing Petitioner's Motion as a § 2255 or in the Alternative Issue an Order to Stay This Motion" (Doc. 634). The pleading requested that the December 19, 2005 motion be withdrawn or that the Court stay the motion and construe it as a Section 2255 when United States v. Booker, 543 U.S. 220 (2005) is made retroactively applicable to cases on collateral review.

On December 26, 2006 the Court permitted the motion to be withdrawn and Salazar-Guillen's motion for stay was denied (Doc. 641).

On January 19, 2007, Salazar-Guillen filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. Section 2255 ("Section 2255 motion") (Doc. 642; Civ. No. 07-00035 Doc. 1).

On January 23, 2007, the Court ordered the Government to respond to Salazar-Guillen's Section 2255 motion (Doc. 645).

On February 6, 2007, the Government responded (Doc. 646).

On February 6, 2007, Salazar-Guillen filed a document entitled "Motion for an order Directing the Court Reporter to Provide Petitioner a Copy of Trial Transcript" (Doc. 647).

On February 9, 2007, the Government responded to the motion (Doc. 648).

On March 14, 2007, Salazar-Guillen filed a response to the Government's reply to his Section 2255 motion (Doc. 649).

## **ANALYSIS**

**I.  Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255**

Salazar-Guillen requests that the Court set aside his sentence. His Section 2255 motion claims: (1) ineffective assistance of counsel, (2) that the Court erred in failing to provide him an interpreter, (3) that the Court erred in calculating the amount of drugs, and (4) that the Court erred in accepting his plea to the Continuing Criminal Enterprise charge.

The Government argues that Salazar-Guillen's Section 2255 motion is untimely pursuant to the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The Government contends that Salazar-Guillen's Section 2255 motion must be dismissed.

**A.  Salazar-Guillen's Motion to Vacate, Set Aside, or Correct Sentence Is Untimely**

**1.  Statute of Limitations**

Pursuant to AEDPA, a 28 U.S.C. § 2255 motion is subject to a one-year period of limitation that runs from the latest of four possible dates:

(1) the date on which the judgment of conviction

```
becomes final;

(2) the date on which the impediment to making a motion
created by governmental action in violation of the
Constitution or laws of the United States is removed,
if the movant was prevented from making a motion by
such governmental action;

(3) the date on which the right asserted was initially
recognized by the Supreme Court, if that right has been
newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review;
or

(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence.
```

28 U.S.C. § 2255 ¶ 6; see Clay v. United States, 537 U.S. 522, 523 (2003).

The statute of limitations for the majority of cases starts "on the date on which the judgment becomes final." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (internal quotations omitted); see 28 U.S.C. § 2255 ¶6(1).

### a. The Statute of Limitations Began to Run When Salazar-Guillen's Conviction Became Final

Salazar-Guillen contends that the statute of limitations does not apply to his case because he "is arguing under new evidence." (Pet. for Writ of Habeas Corpus ¶ 13.) If the petitioner fails to file a petition before the statute of limitations expires, the petitioner is barred from proceeding on his claims unless tolling applies. See Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002). Salazar-Guillen is incorrect in

his assumption that the statute of limitations does not apply to him because of his assertion of new evidence.

Salazar-Guillen claims the statute of limitations does not begin to run in his case on the date his conviction became final. He argues the statute of limitations began to run on the date, within the last year, when he discovered "new evidence" to support his claims.

A petition is timely if Petitioner discovers new facts to support a claim, through the exercise of due diligence, within the year before he files his petition.  28 U.S.C. § 2255 ¶6(4); see United States v. Zuno-Arce, 209 F.3d 1095, 1102 (9th Cir. 2000), overruled on other grounds by Valerio v. Crawford, 306 F.3d 742, 764 (9th Cir. 2002) (en banc), cert. denied sub nom., McDaniel v. Espiredion Valerio, 538 U.S. 994 (2003) (The motion is timely if defendant proves his claim through facts that he could have discovered only in the year before he filed his Section 2255 motion).

Petitioner is only entitled to an evidentiary hearing on his petition for writ of habeas corpus if his motion and the record provide the court with some specific reason to believe that "new" evidence exists.  Zuno-Arce, 209 F.3d at 1102-03.  No such showing has been made here.

The Court declines to hold an evidentiary hearing. Salazar-Guillen's motion does not indicate any specific reason

leading the Court to believe that new evidence exists. Despite his assertion that his motion argues new evidence, Salazar-Guillen's Section 2255 motion does not contain any new evidence or newly discovered facts in support of his claims.

The statute of limitations did not begin to run, in this case, upon the "discovery" of "new evidence." Instead, the statute of limitations began to run when Salazar-Guillen's judgment of conviction became final.

A conviction becomes final when judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari to the United States Supreme Court elapsed, or the petition for certiorari denied. United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005), citing Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987) (internal quotations omitted).

Salazar-Guillen's judgment of conviction became final for the purpose of AEDPA's statute of limitations when his time for seeking certiorari from the United States Supreme Court expired. Clay, 537 U.S. at 532; see United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000) (holding that the "one-year limitations period for a federal prisoner who does not file a petition for writ of certiorari begins to run when the time for filing the petition expires").

Salazar-Guillen appealed his conviction to the Ninth Circuit

Court of Appeals. The Ninth Circuit Court of Appeals affirmed his conviction on January 23, 2003. Salazar-Guillen did not file a petition for writ of certiorari from the United States Supreme Court. Salazar-Guillen had ninety-days from the Ninth Circuit Court of Appeals' entry of judgment to file a petition for writ of certiorari with the United States Supreme Court. Sup. Ct. R. 13.

Salazar-Guillen's time for seeking certiorari from the United States Supreme Court expired on April 23, 2003. His conviction became final on that date. He then had one year to file his Section 2255 motion. See 28 U.S.C. § 2255 ¶ 6(1).

Salazar-Guillen did not sign the present motion until January 12, 2007, nearly four years after his conviction became final.

Salazar-Guillen's Section 2255 motion is untimely.

### 2. Equitable Tolling

If a petitioner fails to file before the statute of limitations expires, he is barred from proceeding unless equitable tolling applies. Corjasso, 278 F.3d at 878 (holding that the doctrine of equitable tolling applies to habeas petitions filed pursuant to 28 U.S.C. § 2254).

The Ninth Circuit Court of Appeals has not decided the question of whether equitable tolling applies to Section 2255 motions. Schwartz, 274 F.3d at 1224.

Assuming equitable tolling is applicable to Salazar-Guillen's Section 2255 motion, Salazar-Guillen has not pointed to any extraordinary circumstance beyond his control that made it impossible for him to file the motion within the appropriate time period. Id.; see Corjasso, 278 F.3d at 877 ("[e]quitable tolling is unavailable in most cases . . . and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" (internal quotations omitted)); Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001).

Salazar-Guillen's Section 2255 motion is untimely. He has presented no basis for equitable tolling. Salazar-Guillen's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Crim. No. 00-00187 Doc. 642; Civ. No. 07-00035 Doc. 1) is **DISMISSED**.

**II.  Certificate of Appealability**

When a district court rules upon a Section 2255 motion, a certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court shall indicate which specific issues satisfy the "substantial showing" requirement. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claims, a COA should issue when the petitioner shows that jurists of reason would find it debatable whether: (1) the district court was correct in its procedural ruling, and (2) the petition states a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Salazar-Guillen filed his motion several years after his conviction was final. Jurists of reason would not debate that his motion is untimely pursuant to AEDPA's one-year period of limitations.

Salazar-Guillen has failed to satisfy both prongs of Slack. He is not entitled to a COA.

### III. Salazar Guillen's "Motion for an Order Directing the Court Reporter to Provide Petitioner a Copy of Trial Transcript"

Salazar-Guillen requests the Court to release his "trial transcript" without fee to allow him to proceed with his Section 2255 motion claims.[1]

Pursuant to 28 U.S.C. 753(f), the Court may collect fees for transcripts requested by the parties. Fees for transcripts furnished to habeas corpus petitioners proceeding in forma pauperis shall be paid by the United States if the judge certifies that the habeas petition "is not frivolous and that the

---

[1] The Court notes that Salazar-Guillen pled guilty. A trial was never held. The Court presumes that Salazar-Guillen is requesting transcripts from his plea hearing and sentencing proceedings.

transcript is needed to decide the issue presented." 28 U.S.C. § 753(f).

Salazar-Guillen is not proceeding in forma pauperis. Even if Salzar-Guillen was proceeding in forma pauperis, his Section 2255 motion is untimely. The transcripts are not needed to decide the issues presented.

Salazar-Guillen's "Motion for an Order Directing the Court Reporter to Provide Petitioner a Copy of Trial Transcript" is **DENIED**.

## CONCLUSION

In accordance with the foregoing,

1) Salazar-Guillen's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Crim. No. 00-00187 Doc. 642; Civ. No. 07-00035 Doc. 1), is **DISMISSED** with prejudice;

2) Salazar-Guillen is not entitled to a certificate of appealability;

3) Salazar-Guillen's "Motion for an Order Directing the Court Reporter to Provide Petitioner A Copy of Trial Transcript" (Doc. 647), is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 17, 2007.



/S/ Helen Gillmor

Helen Gillmor
Chief United States District Judge

Crim. No. 00-00187 HG-01, Civil No. 07-00035; United States v. Jorge Salazar-Guillen; **ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DENYING "MOTION FOR AN ORDER DIRECTING THE COURT REPORTER TO PROVIDE PETITIONER A COPY OF TRIAL TRANSCRIPTS"**