**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT FO HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 4 2007

at \_\_ o'clock and 30 min P M
SUE BEITIA, CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS | § | Crim. No. 00-00187-HG-01<br>Civil No. 07-00035-HG-LEK |
| JORGE SALAZAR GUILLEN | § | |

DEFENDANT'S MOTION FOR RECONSIDERATION OF
ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255
AND
ORDER DENYING MOTION FOR AN ORDER DIRECTING THE COURT REPORTER
TO PROVIDE PETITIONER A COPY OF TRIAL TRANSCRIPT
AND/OR IN THE ALTERNATIVE NOTICE OF APPEAL

COMES NOW, Jorge Salazar-Guillen, Petitioner/Defendant in the above entitled and numbered cause and files this motio for reconsideration and or in the alternative, notice of appeal. In support of this motion, the defendant will show the court the following:

1.

On January 19, 2007, the defendant/petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 225.

On April 17, 2007, the court entered an order dismissing motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C § 2255 and denying motion for an order directing the court reporter to provide petitioner a copy of trial trascript. In the order for dismissal, the court ruled that the motion the defenadant was filed untimely and therefore was dismissed. Now the petitioner/defendant comes before this court and argues that

the court should consider and grant defendant's motion for correction of his conviction and sentence. The defendant argues and shows the court erred when it dismissed defendant's motion to vacate, set aside, or correct sentence because the defendant claims that his constitutional rights to a effective representation of counsel under the Fifth Amendment rights of the United States Constitution. Further the defendant shows that under the rules the defendant's late filing under 28 U.S.C. § 2255 allows for equitable tolling. The AEDPA's one year statute of limitations is not jurisdiction in nature, and therfore equitable tollings. Equitable tolling excuses a defendant/petitioner's untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvick V United States, 250 F.3d 1269, 1271 (11th Cir. 1999). Because the petitioner has on numerous occasions attempted to obtain a complete copy of his trial transcript from his attorney in order to perfect his claims, his attorney has failed to provide him with trial transcripts. and therefore has not been able to proceed earlier in filing this petition. Further the petitioner shows this court that petitioner's attorney has even stopped taking the petitioner's calls. Because the petitioner has not control as to being able to go in person to the office of the attorney to make contact with his attorney in order to proceed in filing his motion.

Further the defendant argues that because his filing of his § 2255 should be equitably tolled, the defendant has a right to present his claim of constituional rights violation. The government further argues that in United States V. Schwartz, 274 F3.d 1220,

1223 (9th Cir. 2001) The statute of limitations for the majority of cases starts "on the date on which the judgment becomes final." Again the petitioner shows that he is entitled to equitable tolling as to the time of the filing of this motion because of "extraordinary circumstances that were both beyond his control and unavoidable even with diligence.

Further the petitioner shows the court that his has not legal knowledge and simply relied on the information that his attorney provided him. Attorney has failed to assist petitioner in obtaining legal transcripts of his sentence date and preliminary hearings before the court. Petitioner never filed a Petitioner for Writ of Certiorari again because petitioner's attorney never explained to the petitioner his rights of challenging his conviction. Petitioner claims that under Corjasso V. Ayers, 278 F.3d 874 878 (9th Cir. 2002), proceedinds on his claim is barred unless tolling is applied. Defendant further shows that a petition is timely filed if the Petitioner discovers new facts to support a claim. Petitioner has again attempted to obtain his sentencing transcripts in order to support his claims. The court shows that in McDaniel V Espiredion Valeron, 538 U.S. 994 (2003) that the motion is timely filed if defendant proves his claim through facts that he could have discovered only in the year before his filed his § 2255 motion.

Defendant further argues that should the court deny the petitioner's motion to vacate, set aside or correct sentence, that the court issue a certificate of appealability in order for the court to consider the claims of the defendant. Under 28 U.S.C § 2255 the court can issue a certificate of appealability "if the appli-

cant has made a substantial showing of the denial of a constitutinal right." The defendant shows again that because of his attorney's failure to provide him with court proceeding transcripts in order for the petitioner to support his claims of constitutional violations. Further the defendant argues that the cort is incorrect when it states in it's ruling that "Jurists of reason would not debate that his motion is untimely pursuant to AEDPA's on-year period of limitations. In part the court is correct that the petition is not filed within the one year statute, but incorrect to recognize that the one year statute may not apply when there is showing of constitutional violations or equitable tolling.

DENIAL OF TRIAL TRANSCRIPTS

The petitioner further shows the court that he is in need of court's transcripts in order to proceed and perfect his claims. Again the petitioner shows the court that he has on numerous times contacted his attorney to obtain the copy of the transcripts of all court appearances. The court simply denied the petitioner a complete copy of the trial trancripts simply because the court has denied the petitioner's motion for vacate, set aside. or correct sentence. Should the court grant petitioner's motion to obtain a copy of the transcripts, the defendant will be in a better position to show the court his claims are justifiable.

PRAYER

The defendant prays that upon cosideration of the court, that the court re-review his motion to vacate, set aside, or correct sentence. Defendant further prays that the court certify his untimely motion "equitable tolling" and that the court set aside it's order dismissing this motion.

Further the defendant prays that should the court refuse to review his motion to vacate, set aside or correct sentence, that the court issue a certificate of appealibility in order for the defendant show the court that his constitutional rights were violated.

Further the defendant prays that the court grant defendant's request that the court order that the preparation of a complete copy of the defendant's court appearance trancripts be issued to the defendant. Should the court refuse to consider defendant's motion to reconsider, the defendant hereby files his notice of appeal.

Defendant prays for all relief requested and all relied in which he is justly entitled to.

Respectfully Submitted,

*Jorge G. Salazar*

Jorge Salazar Guillen
Fed Reg No. 87626-022
F.C.I. Beaumont Low-Unit SB
P.O. Box 26020
Beaumont, Texas 77720-6020

CERTIFICATE OF SERVICE

I certify that on this _1st_ day of _JUNE_, 2007, I mailed a copy of this foregoing motion to the Office of United States Attorney by mailing a copy of same by U.S. Postal Service regular mail postage prepaid to the following address:

> United States Attorney
> District of Hawaii
> 300 Ala Moana Blvd, C-338
> Honolulu, Hawaii 96850-0338

_____
Jorge Salazar-Guillen