IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO.  00-00187 HG-01 |
| | ) | CIVIL NO.  07-00035 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| JORGE SALAZAR-GUILLEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On June 4, 2007, Salazar-Guillen filed a Motion for Reconsideration of the Court's April 17, 2007 Order Dismissing the Motion to Vacate, Set Aside, or Correct Sentence and Denying the Motion to Provide Petitioner a Copy of his Trial Transcripts ("April 17, 2007 Order") (Doc. 652).  Salazar-Guillen contends that the Court erred as a matter of law in dismissing his Motion pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion") and in denying his request for transcripts without fee.

It is unnecessary to recount the full procedural history here as it is set forth in the Court's April 17, 2007 Order.

For the reasons set forth below, the Court **DENIES** Salazar-Guillen's Motion for Reconsideration.

1

## STANDARD OF REVIEW

In <u>Mustafa v. Clark County School District</u>, 157 F.3d 1169, 1178-79 (9th Cir. 1998), the Ninth Circuit Court of Appeals held that a motion for reconsideration is justified on any of three grounds: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.

A successful motion for reconsideration must accomplish two goals. First, the motion must demonstrate some reason why the court should reconsider its prior decision. Second, the motion must set forth facts or law that are strongly convincing to induce the court to reverse its prior decision. See <u>Na Mamo O'Aha'Ino v. Galiher</u>, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citations omitted).

## ANALYSIS

Salazar-Guillen's Motion for Reconsideration is untimely. A motion for reconsideration brought on the ground that the Court committed a manifest error of law or fact must be filed not more than ten business days after the court's written order is filed. LR60.1. The Court's written order was filed on April 17, 2007. Salazar-Guillen did not file the Motion for Reconsideration until June 4, 2007.

Even if the Motion for Reconsideration was timely, Salazar-

Guillen has not set forth law or facts that are strongly convincing to induce the Court to reverse its prior decision.

I.  **Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255**

   A.  **Statute of Limitations**

Salazar-Guillen contends that the Court erred as a matter of law in concluding his Section 2255 Motion was untimely. He argues that his Section 2255 Motion was timely filed because his claims are based on new facts that he could not discover through the exercise of due diligence until the year before his filing.

A Section 2255 Motion is timely if the petitioner proves his claim through facts that he could have discovered through the exercise of due diligence only in the year before the petition is filed. <u>United States v. Zuno-Arce</u>, 209 F.3d 1095, 1102 (9th Cir. 2000), overruled on other grounds by <u>Valerio v. Crawford</u>, 306 F.3d 742, 764 (9th Cir. 2002) (en banc), cert. denied sub nom., <u>McDaniel v. Espiredion Valerio</u>, 538 U.S. 994 (2003).

First, as held by the Court in the April 17, 2007 Order, the claims contained in Salazar-Guillen's Section 2255 Motion are not supported by any newly discovered facts.

Second, Salazar-Guillen's argument that transcripts from his plea and sentencing hearings, which he has failed to obtain, contain "new facts" to support his claims, is unavailing. Salazar-Guillen has failed to articulate what "new facts" could be discovered from the transcripts and how those facts would

support the claims in his Section 2255 Motion. He was present at both the plea and sentencing hearings. He is aware of what occurred at those proceedings. Any facts that Salazar-Guillen could garner from the transcripts would not be considered "new" such that they could not have been discovered at a point before the last year.

The Ninth Circuit Court of Appeals has rejected Salazar-Guillen's argument. In United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004), the petitioner asserted that the information in certain trial transcripts constituted "new facts" and that the limitation period in 28 U.S.C. § 2255 did not start to run until he obtained those transcripts. The Ninth Circuit Court of Appeals disagreed. The court in Battles held that the petitioner was required to consult his own memory of the trial and his failure to do so "did not bespeak due diligence." Id. There is nothing "new" about information contained in the transcripts from Salazar-Guillen's plea and sentencing hearings.

### B. Equitable Tolling

Salazar-Guillen contends that he is entitled to equitable tolling of his Section 2255 Motion because his attorney has failed to provide him with transcripts of his guilty plea and sentencing hearings.

"Equitable tolling is unavailable in most cases . . . and is appropriate only if extraordinary circumstances beyond a

4

prisoner's control make it impossible to file a petition on time." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002). Routine instances of attorney negligence do not generally constitute "extraordinary circumstances" entitling a habeas petitioner to equitable tolling. Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir. 2003), vacated on other grounds, 542 U.S. 225 (2004). There are instances in which an attorney's failure to take necessary steps to protect his client's interest is so egregious and atypical that the court may deem equitable tolling appropriate. Id.

The Ninth Circuit Court of Appeals has not determined whether an attorney's failure or refusal to provide a client with important parts of his legal file may rise to the level of "extraordinary circumstances" for purposes of equitable tolling. Battle, 362 F.3d at 1198; Ford, 330 F.3d at 1107. Other jurisdictions have held that lack of access to transcripts does not preclude a petitioner from commencing post-conviction proceedings and does not warrant equitable tolling. Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001); see Smith v. Carroll, 2004 WL 1588293 *4 (D. Del. 2004) (holding that inability to obtain the trial transcript does not constitute an "extraordinary circumstance" warranting equitable tolling); Boyd v. Ward, 2001 WL 533221 *4 (E.D. La. 2001)(holding that the one-year limitations period should not be equitably tolled during

petitioner's attempts to obtain a transcript because he was present at the hearings of the proceedings for which he requested transcripts and for which he challenged.)

Salazar-Guillen has not articulated which claims, if any, he could not present without a transcript from his plea and sentencing hearings. See Carroll, 2004 WL 1588293 at *4. The failure of his counsel to provide him transcripts did not make it "impossible" for him to assert his claims in a timely manner, as he filed a Section 2255 Motion without access to those transcripts and his claims are not based on information only accessible through the transcripts. See Smith v. Lord, 230 F.Supp.2d 288, 292 (E.D.N.Y. 2002) (holding that the petitioner failed to demonstrate that equitable tolling applies where she was unable to obtain transcripts, but filed a petition without the transcripts).

**II.  Certificate of Appealability**

Salazar-Guillen requests that the Court issue a Certificate of Appealability ("COA"). The Court has already declined to issue a COA for the dismissal of Salazar-Guillen's Section 2255 Motion. For the reasons stated in the April 17, 2007 Order, the Court declines to issue a COA for the Motion for Reconsideration.

**III. "Motion for Order Directing the Court Reporter to Provide Petitioner a Copy of Trial Transcripts"**

For the reasons stated in the Court's April 17, 2007 Order, Salazar-Guillen is not entitled to transcripts without fee.

6

**IV.  Notice of Appeal**

Salazar-Guillen titles the instant motion as a Motion for Reconsideration and/or in the Alternative a Notice of Appeal.

The Court has declined to issue a COA for either the April 17, 2007 Order or for the Motion for Reconsideration.  Salazar-Guillen has no right to appeal the final order in a Section 2255 proceeding unless the district court issues a certificate of appealability.  28 U.S.C. § 2253.  If the district court declines to issue a COA, the petitioner may request a COA from the Ninth Circuit Court of Appeals.  Fed. R. App. P. 22(b); Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir. 1990).

If Salazar-Guillen seeks to appeal the Court's April 17, 2007 Order or the current order to the extent that they deny his motion for transcripts without fee, he may do so in conformance with Federal Rules of Appellate Procedure 4.

\
\
\
\
\
\
\
\
\

**CONCLUSION**

In accordance with the foregoing, Salazar-Guillen's Motion for Reconsideration (Doc. 653; Civil No. 07-00035 Doc. 2) is **DENIED.**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 13, 2007.



/S/ Helen Gillmor

Helen Gillmor
Chief United States District Judge

Crim. No. 00-00187 HG-01, Civil No. 07-00035 HG-LEK; <u>United States v. Jorge Salazar-Guillen</u>; ORDER DENYING MOTION FOR RECONSIDERATION.