```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )  Crim. No. 00-00187 HG
                               )
                               )
              Plaintiff,       )
                               )
        vs.                    )
                               )
JORGE SALAZAR-GUILLEN,         )
                               )
                               )
              Defendant.       )
_____)
```

**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE PURSUANT TO THE DICTATES OF TITLE 18, UNITED STATES CODE, SECTION 3582(c)(2) (ECF No. 720)**

Defendant Jorge Salazar-Guillen, proceeding pro se, has filed a Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  Defendant is not eligible to receive a sentence reduction.

Defendant's MOTION TO MODIFY SENTENCE PURSUANT TO THE DICTATES OF TITLE 18, UNITED STATES CODE, SECTION 3582(c)(2) (ECF No. 720) is **DENIED**.

### PROCEDURAL HISTORY

On October 25, 2000, the grand jury returned a seventy-nine count Second Superseding Indictment against Defendant Jorge Salazar-Guillen along with several co-defendants.  (Second Superseding Indictment, ECF No. 199).  Defendant was charged in

1

multiple counts, including:

**Count 1** for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a); and,

**Count 77** for possessing a firearm while being an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3).  (Id.)

On October 22, 2001, the Government filed a First Superseding Information charging Defendant with:

**Count 1** for criminal forfeiture in violation of 21 U.S.C. § 853; and,

**Count 2** for money laundering in violation of 18 U.S.C. § 1956(a)(1).  (ECF No. 382).

Also on October 22, 2001, Defendant pled guilty to Counts 1 and 77 in the Second Superseding Indictment and Counts 1 and 2 in the First Superseding Information.  (ECF No. 383).

On April 12, 2002, the sentencing hearing was held.  (ECF No. 489).  Defendant was sentenced to the following terms of imprisonment with all terms to be served concurrently:

    (1) a term of imprisonment of 240 months as to Count 1 of the Second Superseding Indictment and Count 2 of the First Superseding Information; and

    (2) a term of imprisonment of 120 months as to Count 77 of the Second Superseding Indictment.  (Amended Judgment, ECF No. 501).

On May 20, 2002, Defendant filed a Notice of Appeal.  (ECF No. 517).

On January 27, 2003, the Ninth Circuit Court of Appeals issued an order affirming the judgment of the District Court.  (ECF No. 597).

On December 19, 2005, Defendant filed a MOTION TO ELIMINATE ENHANCEMENTS AND REDUCE SENTENCE.  (ECF No. 629).

On January 10, 2006, the Court issued an ORDER NOTIFYING MOVANT OF THE COURT'S INTENTION TO CONSTRUE MOVANT'S MOTION ENTITLED "MOTION TO ELIMINATE ENHANCEMENTS AND REDUCE SENTENCE," FILED ON DECEMBER 19, 2005, AS A MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 AND GIVING MOVANT THE OPPORTUNITY TO WITHDRAW OR AMEND HIS PLEADING.  (ECF No. 630).

On May 31, 2006, the Court issued an ORDER TO SHOW CAUSE.  (ECF No. 631).

On September 15, 2006, the Court issued an ORDER NOTIFYING MOVANT OF THE COURT'S INTENTION TO CONSTRUE MOVANT'S MOTION ENTITLED "MOTION TO ELIMINATE ENHANCEMENTS AND REDUCE SENTENCE," FILED ON DECEMBER 19, 2005, AS A MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 AND GIVING MOVANT THE OPPORTUNITY TO WITHDRAW OR AMEND HIS PLEADING AND ORDER TO SHOW CAUSE.  (ECF No. 633).

On October 6, 2006, Defendant filed MOTION FOR

RECONSIDERATION AND OBJECTION TO COURT CONSTRUING PETITIONER'S MOTION AS A §2255 OR IN THE ALTERNATIVE ISSUE AN ORDER TO STAY THIS MOTION.  (ECF No. 634).

On October 24, 2006, Defendant filed DEFENDANT'S MOTION TO REQUEST THAT THE COURT ORDER THE RELEASE AND PREPARATION OF THE COURT'S TRANSCRIPTS.  (ECF No. 636).

On December 26, 2006, the Court issued an Order titled PETITIONER'S MOTION ENTITLED "MOTION TO ELIMINATE ENHANCEMENTS AND REDUCE SENTENCE" IS WITHDRAWN AND ORDER DENYING PETITIONER'S MOTION ENTITLED "MOTION FOR RECONSIDERATION AND OBJECTION TO COURT CONSTRUING PETITIONER'S MOTION AS A § 2255 OR IN THE ALTERNATIVE ISSUE AN ORDER TO STAY THIS MOTION" AND DENYING REQUEST FOR "RELEASE AND PREPARATION OF COURT TRANSCRIPTS."  (ECF No. 641).

On January 19, 2007, Defendant filed a MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255.  (ECF No. 642).

On February 6, 2007, Defendant filed a MOTION FOR AN ORDER DIRECTING THE COURT REPORTER TO PROVIDE PETITIONER A COPY OF TRIAL TRANSCRIPTS.  (ECF No. 647).

On April 17, 2007, the Court issued an ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DENYING "MOTION FOR AN ORDER DIRECTING THE COURT REPORTER TO PROVIDE PETITIONER A COPY OF TRIAL TRANSCRIPT."

(ECF No. 652).

On June 4, 2007, Defendant filed a MOTION FOR RECONSIDERATION OF ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DENYING MOTION FOR AN ORDER DIRECTING THE COURT REPORTER TO PROVIDE PETITIONER A COPY OF TRIAL TRANSCRIPT AND/OR IN THE ALTERNATIVE NOTICE OF APPEAL.  (ECF No. 653).

On June 14, 2007, the Court issued an ORDER DENYING MOTION FOR RECONSIDERATION.  (ECF No. 655).

On March 6, 2015, Defendant filed a MOTION TO MODIFY SENTENCE PURSUANT TO THE DICTATES OF TITLE 18, UNITED STATES CODE, SECTION 3582(c)(2).  (ECF No. 720).

On March 10, 2015, the Court appointed the Federal Public Defender's Office to assist Defendant in his Motion for a Sentence Reduction.  (ECF No. 721).

On November 4, 2015, the Federal Public Defender filed NOTICE BY OFFICE OF THE FEDERAL DEFENDER REGARDING DEFENDANTS FOR WHOM IT WILL NOT BE SEEKING RETROACTIVE APPLICATION OF AMENDMENT 782.  (ECF No. 722).

On November 9, 2015, the Court issued a Minute Order that construed the Federal Public Defender's Notice as a request to withdraw as counsel.  (ECF No. 723).  The Court granted the Federal Public Defender's request to withdraw as counsel and ordered the Government to respond to the Defendant's pro se

Motion for Reduction of Sentence (ECF No. 720).  The Court elected to decide Defendant's Motion without a hearing.  (ECF No. 723).

On November 27, 2015, the Government filed UNITED STATES' MEMORANDUM REGARDING DEFENDANT JORGE SALAZAR-GUILLEN'S ELIGIBILITY FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 782 TO THE UNITED STATES SENTENCING GUIDELINES.  (ECF No. 724).

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry.  Dillon v. United States, 560 U.S. 817, 826-27 (2010).

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced.  28 U.S.C. §§ 994(o),(u).

On November 1, 2014, Amendment 782 to the United States

Sentencing Guidelines became effective. The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants. U.S.S.G. §§ 1B1.10(d), (e)(1). Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); Dillon, 560 U.S. at 826-28.

Here, the Court does not reach the second step in the inquiry. Defendant is not eligible for a sentence reduction. Defendant was already sentenced to the 240-month statutory mandatory minimum. Amendment 782 to the United States Sentencing Guidelines did not lower the sentencing guidelines applicable to the Defendant.

**I.   Defendant is Not Eligible for a Sentence Reduction Pursuant to Amendment 782 to the United States Sentencing Guidelines**

At sentencing, Defendant had a total offense level of 35, and a criminal history category of I, for a guideline range of 240 months pursuant to U.S.S.G. § 5G1.1(c)(2). Defendant was subject to a mandatory statutory minimum of 240 months imprisonment based on his conviction for Count 1 in the Second Superseding Indictment pursuant to 21 U.S.C. § 848(a).

(Presentence Report at p. 28, ECF No. 520).

Defendant was sentenced to the mandatory minimum term of imprisonment of 240 months.[1]  (Amended Judgment, ECF No. 501).

Amendment 782 to the United States Sentencing Guidelines, which became effective on November 1, 2014, altered some of the drug quantities provided in U.S.S.G. § 2D1.1.

Amendment 782 did not alter the guidelines applicable to the Defendant.  Defendant remains subject to the statutory minimum sentence of 240 months imprisonment.  See U.S.S.G. § 5G1.1(b) (stating that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.")

Defendant is not eligible to receive a sentence reduction below the 240-month mandatory statutory minimum.

United States Sentencing Guideline 1B1.10(b)(2)(A) provides:

> Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A).

---

[1] Defendant's 120-month concurrent sentence for his conviction as to Count 77 in the Second Superseding Indictment is not subject to sentence reduction because the term of imprisonment has already been served.  U.S.S.G. § 1B1.10(b)(2)(C).

The exception is found in U.S.S.G. § 1B1.10(b)(2)(B).  The exception involves cases in which the defendant received a sentence below the guidelines applicable at sentencing pursuant to a government motion for downward departure based on the defendant's substantial assistance to authorities.

There was no motion for substantial assistance made by the Government at Defendant's sentencing.

The Court is unable to reduce Defendant's sentence below the 240-month mandatory minimum term provided by his amended guideline range.  U.S.S.G. § 1B1.10(b)(2)(A).

Defendant's Motion (ECF No. 720) filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines is **DENIED**.

## CONCLUSION

DEFENDANT'S MOTION TO MODIFY SENTENCE PURSUANT TO THE DICTATES OF TITLE 18, UNITED STATES CODE, SECTION 3582(c)(2) (ECF No. 720) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 10, 2015.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge